[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12013
Non-Argument Calendar

_____

Agency No. A 094-369-555

EDGAR LARA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 16, 2020)

Before WILSON, JILL PRYOR, and BRASHER, Circuit Judges.

PER CURIAM:

Edgar Lara asks us to review a decision of the Board of Immigration Appeals denying his motion to reopen his removal proceedings to consider new evidence of hardship supporting his application for cancellation of removal.  We lack jurisdiction and therefore dismiss the petition.

We review our subject matter jurisdiction de novo.  *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (per curiam).  Congress has precluded review of "any judgment regarding the granting of relief under section . . . 1229b," which provides for cancellation of removal, except to the extent that such review involves "constitutional claims or questions of law."  8 U.S.C. § 1252(a)(2)(B)(i) & (D); *id.* § 1229b; *Patel v. U.S. Att'y Gen.*, ___ F.3d ___, No. 17-10636, 2020 WL 4873196, at *1 (11th Cir. Aug. 19, 2020) (en banc).  Sitting en banc, we recently adopted an "expansive" interpretation of § 1252(a)(2)(B)(i). *Patel*, 2020 WL 4873196, at *1–12.  We held that "§ 1252(a)(2)(B)(i) precludes us from reviewing 'whatever kind' of judgment 'relating to' the granting of relief under the five enumerated sections," including cancellation of removal.  *Id.* at *11. The term "judgment" includes "all decisions made by the BIA."  *Id.* at *15.

Though *Patel* did not concern a denial of a motion to reopen, the BIA's denial of Lara's motion to reopen must fall under the umbrella of our expansive interpretation of § 1252(a)(2)(B)(i) in *Patel*.  After all, it is a "decision made by the BIA" "relating to" the granting of relief in the form of cancellation of removal.

2

*See Patel*, 2020 WL 4873196, at \*11, \*15.  Therefore, we may review the BIA

decision only if Lara raises a constitutional claim or a question of law.  *See* 8

U.S.C. § 1252(a)(2)(D).

He does not.  No matter how Lara paints his challenge, at bottom he

disagrees with "the weight of the new evidence," a phrase that calls to mind a

factual dispute, not a legal one.  *See Mazariegos v. Office of U.S. Att'y Gen.*, 241

F.3d 1320, 1323 (11th Cir. 2001) ("We have described the substantial evidence test

[used to review factual determinations] as 'deferential,' and have emphasized we

may not 're-weigh the evidence' from scratch.").  To be sure, Lara invokes the

"arbitrary and capricious" standard, which could have feasibly portended a legal

question.  But in the end Lara fails to articulate a reviewable legal question.

In any event, *Patel* also forecloses our review because Lara essentially seeks

to challenge the BIA's determination that Lara had still failed to show "exceptional

and extremely unusual hardship."  At least one basis for the BIA's denial was that

"[t]he evidence submitted does not reflect a particular change that would cause

[Lara's] wife's hardship to now be considered 'exceptional and extremely

unusual.'"  We held in *Patel* that § 1252(a)(2)(B)(i) bars review of "all eligibility

determinations for the five enumerated categories of discretionary relief."  2020

WL 4873196, at \*15.  And "exceptional and extremely unusual hardship" is one of

the eligibility requirements for cancellation of removal.  8 U.S.C.

3

§ 1229b(b)(1)(D); *see Patel*, 2020 WL 4873196, at \*15 (using that standard in its discussion of threshold eligibility determinations for discretionary relief).  We see no way to separate review of Lara's petition from review of the agency's "exceptional and extremely unusual hardship" determination.  We cannot determine whether any new evidence was sufficient to warrant the reopening of the case without examining the original hardship determination.  Thus, we conclude that we lack jurisdiction to review the petition.

**PETITION DISMISSED.**

4